IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANGIE RENEE HORNE,<br>Petitioner, | : | |
| | : | |
| v. | : | 1:19CV196 |
| | : | 1:17CR288-2 |
| UNITED STATES OF AMERICA<br>Respondent. | : | |

GOVERNMENT'S RESPONSE TO MOTION TO VACATE, TO SET ASIDE, OR CORRECT SENTENCE

NOW COMES the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, to file the Government's Response to Motion to Vacate, to Set Aside, or Correct Sentence.

**Background and Procedural History**

Petitioner Angie Renee Horne[1] ("Petitioner" or "Horne") was indicted on August 1, 2017, in Count One for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); and in Count Two through Count Five with distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). [Docket Entry ("DE") #1]. The Indictment alleged

[1] Defendant's name was "Angie Renee Morton" until her marriage to co-defendant Kelvin Maurice Horne. On some filed documents in this case, her name appears as Angie Renee Morton.

counts against other two defendants, including Petitioner's husband, Kelvin Maurice Horne. Petitioner and her husband were on pretrial release awaiting sentencing in MDNC case 1:16CR304, charged with conspiracy to obtain oxycodone by fraud, when they committed the offenses charged in 1:17CR288. Petitioner pled Guilty to Counts One and Four of the Indictment, pursuant to a written plea agreement, on November 6, 2017. [DE #25]. A written factual basis was filed and Petitioner pled, before then-Chief Judge Osteen on November 6, 2017. [DE #26; text entry dated 11/06/2017]. On January 25, 2018, Petitioner's counsel filed an objection to a two-level enhancement in the Presentence Report at ¶ 27. [DE #29, #33]. On February 21, 2018, Petitioner was sentenced to 160 months' imprisonment on Count One (128 months followed by 32 months consecutive per 18 U.S.C. § 3174), and 160 months as to Count Four, to run concurrent with Count One. [DE #47]. Petitioner was also sentenced to a four-year term of supervised release as to each count, to run concurrent, and $200 in special assessments. After Petitioner filed a § 2255 Motion before this Court on August 30, 2018, the Court ordered that Petitioner be sent § 2255 forms and instructions and that she be allowed to file a corrected motion. [DE #55, #56]. Petitioner re-filed a motion under § 2255, along with a memorandum, on October 4, 2019. [DE #63, #64]. Following motions for

extensions by the government, this Honorable Court directed the United States to file a response to Petitioner's motion by October 4, 2019. [DE #68, text order dated September 18, 2019].

**Petitioner's § 2255 Claims**

Petitioner's § 2255 Motion and Memorandum assert two grounds of ineffective assistance of counsel, with three sub-claims under the first ground and four sub-claims under the second ground. [DE #63, #64]. Petitioner was supplied and used AO243 (rev 01/15)[2], a 13-page standard form, but as filed in this case, pages 2 and 5 (as numbered in the top right corner) are missing. [DE #63]. Page 5 of DE #63 would have contained a statement of Ground One, but as it is missing here, Ground One is taken from Petitioner's Memorandum. [DE #64].

In Ground One, Petitioner alleges ineffective assistance of counsel for alleged failure to (1) adequately advise her of the consequences of pleading guilty in relation to being tried; (2) conduct an adequate and independent pretrial investigation; and (3) attempt to negotiate a more favorable plea agreement. [DE #64]. In Ground Two, Petitioner alleges her counsel was

[2] Although a newer version of form AO243 was available as of September 1, 2017, Petitioner was supplied with the version last revised in January 2015.

ineffective for failing to (1) adequately review her Presentence Report prior to her sentencing; (2) file "substantive objections" to the PSR; (3) argue for a lower sentence or factors in mitigation; and (4) file notice of appeal after Petitioner asked counsel to do so. [DE #64].

**The *Strickland* Standard**

Under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984),

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

*Id*. at 687. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id*. at 697. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59, 106 S.Ct. 366.

## I. Ground One

### A. Alleged lack of reasonable and regular communication

In the first sub-claim of ineffective assistance of counsel, Petitioner alleges in her unsworn statements in her Memorandum there was no reasonable or regular communication between her counsel and Petitioner. [DE #64 at 17]. In her allegation of prejudice arising under this sub-claim, Petitioner states, "Had [her trial counsel adequately advised her, Petitioner] would have been properly advised of her actual correct options available. As such, there is a reasonable probability that she would have opted to proceed to trial, had she been properly informed by counsel of the sentencing exposure she faced." [DE #64 at 19]. This claim is directly contradicted by her statements under oath, and those in her own § 2255 Motion.

The plea in question was not the first under Fed. R. Crim. P. 11 for Petitioner, as she and her co-defendant husband, previously co-defendants in a case of prescription drug forgery, entered pleas at the same time before the same judge in the instant case on December 9, 2016. [See PSR ¶ 6]. Approximately eleven months later, Petitioner and her husband entered guilty pleas at the hearing held on November 6, 2017. [See text entry for 11/06/2017]. During the change of plea hearing, Petitioner was placed under oath and given

warnings of the potential for a perjury charge for making false answers to the Court. [see transcript "Change of Plea - November 6, 2017" in case 1:17CR288 ("Transcript #1") at 7]. The Court asked Petitioner if she understood the indictment and charges against her, if she and her attorney had fully discussed the charges, if she and her attorney discussed any possible defenses to the charges, and if she was fully satisfied with the services of her attorney and his counsel, representation and advice. [Transcript #1 at 9]. To each of those questions, Petitioner answered, "Yes, sir." [Transcript #1 at 9]. Petitioner further answered affirmatively when asked if she had enough time to review her plea agreement and discuss it with her counsel, and if she understood her plea agreement. [Transcript #1 at 14]. When the district court advised Petitioner of the potential maximum active sentence (20 years as to each count), and that there was a potential for those penalties to run consecutive or concurrent to each other, Petitioner answered that she understood those potential penalties. [Transcript #1 at 19-20]. The Court also advised Petitioner that the Sentencing Guidelines were advisory, and that she could receive a sentence higher than that called for in the Guideline range. [Transcript #1 at 23]. Petitioner was told of her right to a jury trial, and the attendant rights at such a trial. [Transcript #1 at 24]. When asked if she had any questions prior

to entry of plea, Petitioner answered, "No, sir." [Transcript #1 at 28]. Petitioner admitted she was in fact guilty of the offenses in Count One and Count Four, acknowledged reviewing the written Factual Basis [DE #26] with her attorney, and agreed with those facts as to her participation in the two crimes of conviction. [Transcript #1 at 31]. At the sentencing hearing, Petitioner answered in response to the district court's questions that she and her attorney had reviewed the PSR, and that she agreed with that report. [see transcript "Sentencing - February 21, 2018" (Transcript #2) at 4].

Petitioner's answers under oath at her change of plea and sentencing hearings, excepted above and as contained in the transcripts, wholly contradict the recent and unsworn claims in her § 2255 Motion that there was no effective communication between her and her counsel. When under oath and questioned by the district court, at no time did Petitioner disclose any communication difficulties, even when directly asked if she was satisfied with the services of her attorney. [Transcript #1 at 9]. Moreover, she acknowledged her understanding of her sentencing range as shown in the Presentence Report, and rather than dispute the range prior to sentencing, stated she agreed with that range. [Transcript #2 at 4]. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy

is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 Motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005). Petitioner fails to demonstrate such extraordinary circumstances sufficient to disregard her prior statements, and she thus fails to carry her burden of persuasion to sustain her contentions under subclaim one of Ground One.

**B. Alleged failure to conduct an independent investigation**

Subclaim two of Ground One is that Petitioner's trial counsel failed to conduct an adequate independent investigation, and was thus constitutionally deficient. [DE # 64]. In support of this claim, Petitioner cites *Elmore v. Ozmint*, 661 F.3d 783 (4th Cir. 2011), a case strongly dissimilar with regards to underlying facts. In *Elmore*, the Fourth Circuit stated that "… the need for scrutiny of the forensic evidence was indisputable: The case was a real 'who-done-it' in which [the defendant] was asserting his innocence, [and] the State's case against him largely hinged on the forensic evidence …". *Id.* at 861. The Fourth Circuit characterized the need for investigation in *Elmore* "obvious". *Id*. Unlike *Elmore,* the evidence in Petitioner's case did not present a mystery, but rather a documentary, as Petitioner's distribution of methamphetamine

was captured on surreptitiously-recorded audio-video recordings. [DE #26; PSR ¶ ¶ 6-12]. That uncontroverted evidence, as stated in the Factual Basis and PSR (neither of with was contested by the Petitioner) was both direct and overwhelming. [DE #26; PSR; Transcripts #1 at 31, #2 at 4]. The prejudice analysis "requires the court deciding the ineffectiveness claim to 'consider the totality of the evidence before the judge or jury'." *United States v. Basham*, 789 F.3d 358, 371 (4th Cir. 2015) (quoting *Elmore* at 858). No issues were raised at any time, including in Petitioner's § 2255 Motion, contesting the admissibility or genuineness of any evidence in this case, nor was there any contention that Petitioner was not the person responsible for the crimes for which she was convicted. For that reason, independent investigation was unwarranted, and Petitioner's counsel cannot be shown as constitutionally deficient for failing to conduct a meritless task.

**C. Alleged failure to secure a more favorable plea agreement**

In her third sub-claim under Ground One, Petitioner asserts her counsel was ineffective for failing to secure a more favorable plea agreement. [DE #64 at 22]. Here, Horne claims that had her attorney properly advised her of "her actual correct options available … there is a reasonable opportunity that she would have proceeded to trial, had she been properly informed by counsel of

the sentencing exposure she faced." [DE #64 at 24]. As cited above, the district court advised Petitioner of her maximum sentence, and that her attorney's estimate of her Guideline range was only an estimate. [Transcript #1 at 18, 22]. The record clearly shows Petitioner was told she could face a sentence as lengthy as or longer than the one she ultimately received, and that she knew her own Guideline range prior to sentencing. [Transcript #2 at 4]. Petitioner's sub-claim three is thus contradicted by the record, and fails.

Petitioner's sub-claim three of Ground One also fails because there is no evidence in the record that the government would have offered any more favorable plea agreement to Petitioner. *See Bowens v. United States*, Nos. 5:12CV123, 5:07CR50–14, 2015 WL 3882342, at *6 (W.D.N.C. June 16, 2015) (unpublished), *appeal dismissed*, 624 F. App'x 91 (4th Cir. 2015). Any single one of the charges against Petitioner would have carried the same advisory Guideline range; there were no indicted lesser offenses Petitioner can cite in terms of a more favorable plea agreement being available. [PSR at 8, 22]. Her sub-claim here is merely speculative, devoid of support in the record, and not even apparently possible given the charges in the Indictment. Where courts recognized ineffective assistance claims for counsels' failure to secure more favorable plea agreements, it has been seen the context of avoiding

deportation, a collateral consequence of a criminal conviction beyond the power of the sentencing court to impose or avoid. *See, e.g., United States v. Rodriguez-Vega*, 797 F.3d 781 (9th Cir. 2015). That circumstance is inapplicable to Petitioner's case.

For Ground One, Petitioner claims she was prejudiced by counsel's errors because but for counsel's errors, she would have opted for trial. [DE #64]. Had she gone to trial on all charges against her and been convicted of only one charge, Petitioner would have been subjected to a higher advisory Guideline range due to the inapplicability of acceptance of responsibility under USSG § 3E1.1. Her position is not inconsistent with the law in this Circuit:

> … [T]he prejudice prong does not require a defendant to show that going to trial would have been the best objective strategy or even an attractive option. It merely requires the defendant to show a reasonable likelihood that a person in the defendant's shoes would have chosen to go to trial. The decision does not need to be optimal and does not need to ensure acquittal; it only needs to be rational.

*United States v. Swaby*, 855 F.3d 233, 243–44 (4th Cir. 2017). However, the rationality of such a decision should be examined in light of the evidence, as stated in the Factual Basis and PSR, neither of with was contested by the Petitioner. [Transcripts #1 at 31, #2 at 4]. As previously stated, Petitioner's criminal conduct was captured on audio-video recordings. No issues were raised at any time, including in Petitioner's § 2255 Motion, contesting the

admissibility of any evidence in this case. Had she gone to trial on all charges and been convicted of only one charge, Petitioner would have been subjected to a higher advisory Guideline range due to the inapplicability of acceptance of responsibility under USSG § 3E1.1. She fails to demonstrate the rationality of opting for trial on the facts of her case.

Petitioner's claim of prejudice in Ground One is inconsistent with her own § 2255 Motion, where the relief she seeks is that her "conviction and sentence should be vacated so that *she can plea anew*." [DE #64 at 21 (emphasis added]. Petitioner fails to show that she has any more favorable plea yet to be offered, or that her sentence would differ on a new plea from that previously imposed. Her contention here implicates the third sub-claim under Ground One, where Petitioner alleges ineffective assistance for counsel's failure to attempt to negotiate a more favorable plea agreement. [DE #64]. Notably, Petitioner has no specific details of how her counsel provided constitutionally defective advice. Petitioner does not claim knowledge of, e.g., evidence favorable to her which was undisclosed, potential grounds for the suppression of evidence, factors in mitigation unknown at the time of her sentencing, or why she failed to understand - even after disclosure of the PSR and prior to sentencing - her Sentencing Guideline range. Like any defendant subject to an

advisory Sentencing Guideline range sentence, Petitioner was not only subject to some uncertainty as to her sentence upon change of plea, she was explicitly advised about that uncertainty. [Transcript #1 at 23]. Her newfound mere disappointed expectations do not vitiate her guilty plea, and she provides no evidence or suggestion that any more favorable plea offer would have been extended by the government.

## II. Ground Two

Petitioner alleges in Ground Two that her counsel was ineffective for failing to (1) adequately review her Presentence Report prior to her sentencing; (2) file "substantive objections" to the PSR; (3) argue for a lower sentence or factors in mitigation; and (4) file notice of appeal after Petitioner asked counsel to do so. [DE #64]. The first three of these unsworn claims are patently disproven by the record, as shown below.

### A. Alleged failure to review, discuss and explain the PSR

The first sub-claim is that Petitioner's counsel failed to review, discuss, and explain the PSR with her. [DE #64 at 27]. Petitioner's counsel answered affirmatively when asked if he was ready proceed and if he received a copy of the PSR and reviewed it with Petitioner. [Transcript #2 at 3]. Petitioner was

present with her counsel when he made those answers. [*Id.*]. The following colloquy then immediately followed:

> THE COURT: Ms. Horne, have you reviewed the presentence report with Mr. Buggs?
>
> DEFENDANT A. HORNE: Yes, sir.
>
> THE COURT: Do you agree with the report?
>
> DEFENDANT A. HORNE: Yes, sir.

[*Id.* at 4]. To believe Petitioner's sub-claim one of Ground Two, it is necessary to deem her answers (and those of her counsel) to the sentencing court as untruthful; her claim under sub-claim one of Ground Two fails.

**B. Alleged failure to file substantive PSR objections**

Sub-claim two of Ground Two is also contradicted by the record. Here, Petitioner claims that her trial counsel failed to file any substantive objections, and further elaborates that he failed to object to the drug amounts attributed to Petitioner. [DE #64 at 27]. Her counsel did timely object to the draft PSR, and did so successfully. [DE #33]. Petitioner was thus spared an additional two-level increase for an enhancement found not to apply to her (possession of a dangerous weapon, under USSG §2D1.1(b)(1)). [DE #29 at 8-9; #33; #42 at 8]. Petitioner presents no basis as to why her counsel should have objected to the drug amounts attributed to her, nor does she claim in her § 2255 Motion

that she is responsible for any amounts less than those attributed to her. [DE #64]. *See, e.g., Hernandez v. United States*, Nos. 1:15CR251, 1:16CV1243, 2017 WL 3877855, at *4 (E.D. Va. Sept. 5, 2017) (unpublished)("Even if Petitioner had identified the pre-trial motions that could have been filed, an attorney's failure to bring a pre-trial motion in a case where a defendant does not elect to go to trial cannot constitute ineffective assistance."). Moreover, the record shows that Petitioner's sentencing was driven more by her recidivism while on pretrial release than by the drug quantities involved, as the district court stated:

> Here, in all candor, the fact of the drug dealing while on pretrial release, in my mind, is the most aggravating of the factors. It's an unusual case in that the actual quantity of the drug and the type of drug is less of a concern than the fact that this activity continued while they were being prosecuted for a piece of it, in federal courts, knowing they were likely to receive an active sentence.

[Transcript #2 at 15]. Judge Osteen continued:

> …[S]ome of the aggravating nature of the methamphetamine is not present in this case because it wasn't cooked on the premises, or there's no evidence of where that cooking took place, or that these defendants were involved in the manufacturing process. The quantity sold, while large, are not overwhelming in terms of drug quantities sold, and so looking at all those steps, while each one needs to be taken into consideration, it does bother me a little bit in this case that a relatively smaller conspiracy has been elevated way above what I might otherwise impose, absent the factor of it having been committed while the defendants were on supervised release. Now, their criminal histories are not good, but there are a

> lot of controlled substance offenses or related offenses, so I'm -- the steps don't feel like they add up quite right, particularly to get to the 252. The 151 for Ms. Horne, I don't know how to justify a sentence below the 10- to 12-year mark when the conduct is like this.

[Transcript #2 at 17-18]. Given the statements of the Court, Petitioner fails to demonstrate prejudice with regard to failure to object to drug quantity.

**C. Alleged failure to argue in mitigation**

In sub-claim three of Ground Two, Petitioner states that her counsel failed to argue for a lower sentence or factors in mitigation. [DE #64]. More specifically, Petitioner states:

> [Attorney] Buggs failed to present any evidence for mitigation of Home's sentence. As such, Horne received a sentence of 160 months' imprisonment. Buggs also failed to object to Horne's sentence being substantively unreasonable. **At sentencing, Horne's attorney stood mute like a potted plant and failed to argue for mitigation of Horne's sentence or for any reduction for same**.

[DE #64 at 28 (emphasis added)]. Even a cursory review of the sentencing hearing transcript shows Petitioner's claim is palpably false. Counsel's sentencing argument begins on page 10 of the transcript, and continues (interspersed with questions from the Court) to page 13. [Transcript #2]. Petitioner's trial counsel explicitly argued for a ten-year sentence, substantially below that recommended in the Presentence Report. [Transcript

#2 at 10-11, 13; DE #42 at 22]. Petitioner's counsel cited factors under 18 U.S.C. § 3553 in support of his argument in mitigation, including the history and characteristics of the Petitioner, and the nature and circumstances of the offense. [Transcript #2 at 10-13]. Petitioner is simply demonstrably incorrect in her assertion that her attorney stood mute at sentencing and failed to argue for mitigation, and her contention in sub-claim three of Ground Two thus fails.

**D. Alleged failure to communicate as to an appeal and alleged failure to file a requested appeal**

Petitioner's fourth and last sub-claim in Ground Two her trial counsel "failed to communicate with her about and appeal … and did not file one after Horne asked him to.". [DE #64 at 32]. Following imposition of the sentence, the district court stated:

> [Y]ou do have the right to appeal the sentence that I have imposed in each of these cases. If you choose to appeal, notice of appeal must be filed within 14 days of the entry of judgment. If you wish to appeal, and cannot afford the services of counsel, counsel will be appointed to represent you. Your attorney will be responsible for advising you with respect to your right to appeal and will file a notice of appeal if you instruct him to do so.

Transcript #2 at 32. Petitioner thus had notice as to the timing and procedure regarding appeal, with further instruction that her attorney would be responsible for advice in that regard. What is not in the record here, or

supplemented by an affidavit, is Petitioner's counsel's statement regarding the advice he provided, and whether he was requested by Petitioner to file a notice of appeal. The government would proffer that Petitioner's counsel was asked on more than one occasion to provide an affidavit in reference to this § 2255 Motion. "[A]n attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012). On sub-claim four of Ground Two, Petitioner seeks "relief in the form of an out of time appeal … [and alternatively,] … an evidentiary hearing to expand an incomplete record and resolve this matter." [Transcript #2 at 32]. The government asserts that the latter would likely assist the Court in its consideration of whether to grant the former, based on the nature of the claim and the absence of any statement on the record from Petitioner's counsel. For that reason, an evidentiary hearing limited to this sub-claim is warranted.

**Evidentiary Hearing on Petitioner's § 2255 Motion**

The necessity of evidentiary hearings in § 2255 petitions has been addressed by the Fourth Circuit as follows:

> For the sake of prompt treatment of prisoner claims, we hope that many Section 2255 petitions will yield to disposition on the record,

> or on the record as expanded. There will remain, however, a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court. Whether such a hearing may be necessary, and whether petitioner's presence is required, is best left to the common sense and sound discretion of the district judges, for it is difficult to formulate a rule of easy application.

*Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). In this case, there is only one issue of credibility which requires an evidentiary hearing: sub-claim four of Ground Two. As to all other sub-claims and grounds, Petitioner has offered conclusory statements or claims contradicted by the record, neither of which entitles her to a hearing. *See, e.g., Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992). Moreover, as to all but sub-claim four of Ground Two, should this Court decide the matter by first addressing the prejudice prong, no hearing is warranted. Based on the Petition and Memorandum, there is no basis to conclude that Petitioner was prejudiced by any alleged error, because she fails to show a reasonable probability that the outcome would have been different. [DE #63, #64].

**Conclusion**

The Government submits that for the reasons stated above, the motion should be denied and dismissed as to Ground One, and as to Ground Two, sub-claims one through three. As sub-claim four of Ground Two involves issues of credibility without sufficient evidence in the record, further evidence is

necessary and an evidentiary hearing appears to be appropriate and warranted as to this sub-claim only.

This the 3rd day of October, 2019.

Respectfully submitted,

MATTHEW G.T. MARTIN
UNITED STATES ATTORNEY

/S/ ANAND P. RAMASWAMY
Assistant United States Attorney
NCSB #24991
United States Attorney's Office
Middle District of North Carolina
101 South Edgeworth Street, 4th Flr.
Greensboro, NC 27401-6024
Phone: 336.333.5351

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANGIE RENEE HORNE,<br>Petitioner, | : | |
| v. | : | 1:19CV196<br>1:17CR288-2 |
| UNITED STATES OF AMERICA<br>Respondent. | : | |

CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that the document was mailed to the following:

Angie Renee Horne
Register Number: 33462-057
FCI Hazelton
Federal Correctional Institution
PO Box 5000
Bruceton Mills, WV 26525

/S/ ANAND P. RAMASWAMY
Assistant United States Attorney
NCSB #24991
United States Attorney's Office
Middle District of North Carolina
101 South Edgeworth Street, 4th Flr.
Greensboro, NC 27401-6024
Phone: 336.333.5351