IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANGIE RENEE HORNE, | ) |
| | ) |
| Petitioner, | ) |
| | ) 1:19CV196 |
| v. | ) 1:17CR288-2 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Angie Renee Horne, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket Entry 63.) Petitioner and her husband were on pretrial release awaiting sentencing in Middle District of North Carolina Case No. 1:16CR304, charged with conspiracy to obtain oxycodone by fraud, when they were charged in this case, Case No. 1:17CR288.[1] (Docket Entry 42 at ¶¶ 5-19.) Petitioner later pled guilty, in this case, pursuant to a plea agreement, to conspiracy to distribute methamphetamine and distributing methamphetamine and was sentenced to 160 months of imprisonment, to run consecutively to the eighteen-month undischarged term of imprisonment she was serving in Case No. 1:16CR304-2. (Docket Entries 1, 25-26, 47; Minute Entries 11/6/2017 and 2/21/2018; Case No. 1:16CR304-2, Docket Entry 57.) Petitioner did not file an appeal, but instead filed the instant motion. The Government filed a response (Docket Entry 71) and Petitioner, in turn, filed a reply (Docket Entry 75). The

---

[1] Unless otherwise noted, all citations to the record are to Case No. 1:17CR288-2.

matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

## PETITIONER'S GROUNDS

In her motion, Petitioner raises two grounds for relief, each containing numerous sub-grounds. In ground one, Petitioner alleges ineffective assistance of counsel for failure to (1) adequately advise her of the consequences of pleading guilty in relation to being tried; (2) conduct an adequate and independent pretrial investigation; and (3) attempt to negotiate a more favorable plea agreement. (Docket Entry 64 at 16.) In ground two, Petitioner alleges her counsel was ineffective for failing to (1) adequately review, discuss, and explain to her the Presentence Report ("PSR") prior to her sentencing; (2) file "substantive objections" to the PSR; (3) argue for a lower sentence or factors in mitigation; and (4) file a notice of appeal. (*Id.* at 27.) As explained in greater detail below, Petitioner's allegation that counsel failed to file a notice of appeal requires an evidentiary hearing to ascertain its merit, while the remainder of her grounds and sub-grounds have no merit at all.

## DISCUSSION

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that her attorney's performance fell below a reasonable standard for defense attorneys and, second, that she was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, a petitioner must show that there is a reasonable probability that but for counsel's

2

unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, she would have not pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007).

## Ground One

### A. Alleged lack of reasonable and regular communication

Petitioner first contends that counsel failed to "[c]ommunicate with [her] and [i]nform [h]er of the [r]elevant [c]ircumstances and [l]ikely [c]onsequences of [p]leading [g]uilty as [o]pposed to [p]roceeding to [t]rial." (Docket Entry 64 at 17.) According to Petitioner, "[h]ad [her trial counsel adequately advised her, Petitioner] would have been properly advised of her actual correct options available. As such, there is a reasonable probability that she would have opted to proceed to trial, had she been properly informed by counsel of the sentencing exposure she faced." (*Id.* at 19.) As explained in greater detail below, this argument is without merit.

Where, as here, "a defendant is represented by counsel when making [a] guilty plea, that plea is presumed valid when later attacked in a habeas corpus proceeding. [T]o rebut

3

that strong presumption of validity, the defendant must make a factual showing that [the] plea of guilt was not voluntary and intelligent." *United States v. Custis*, 988 F.2d 1355, 1363 (4th Cir. 1993) (citations omitted). "[S]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and . . . findings by a sentencing Court in accepting a plea constitute a formidable barrier to attacking the plea." *United States v. Wilson*, 81 F.3d 1300, 1308 (4th Cir. 1996) (citations, quote marks omitted). Absent "extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without a hearing, dismiss any § 2255 motion that relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-22.

Here, Petitioner's statements at her change of plea hearing pose a formidable obstacle to her assertions of ineffective assistance of counsel. At her Rule 11 hearing, Petitioner was placed under oath and stated that she had reviewed a copy of the indictment with counsel, that she understood the indictment and the charges against her, and that she fully discussed with counsel the charges in the indictment and the case in general. (Docket Entry 69 at 7-9.) Petitioner also stated that she discussed with counsel possible defenses and stated further that she was fully satisfied with the services of counsel, including his counsel, representation, and advice. (*Id.* at 10.)

The Court then summarized the plea agreement for Petitioner. (*Id.* at 10-12.) Petitioner agreed that the summary was consistent with her understanding of the plea agreement. (*Id.* at 14.) Petitioner admitted that she understood the terms of that agreement, that she had enough time to review it and discuss it with her counsel, and that the plea

4

agreement represented the entire agreement between her and the Government. (*Id.*) Petitioner also asserted that no one had made any threats or promises to her, other than those contained in the plea agreement, to get her to plead guilty. (*Id.* at 16-17.) Petitioner likewise asserted that no one had, in any way, attempted to force her to plead guilty against her wishes. (*Id.* at 17.)

Petitioner was also informed of the potential maximum active sentence, 20 years as to each count, and was further informed that they could be imposed either consecutively or concurrently. (*Id.* at 19-20.) Petitioner indicated to the Court that she understood "all of the possible penalties and consequences" of her guilty plea. (*Id.* at 21.) The Court also advised Petitioner that the sentencing guidelines were advisory, and that she could receive a sentence higher than that called for in the guideline range or than estimated by her attorney. (*Id.* at 21-23.) The Court further advised Petitioner of her right to a jury trial and the attendant rights at such a trial. (*Id.* at 24-26.) The Court also explained to Petitioner the elements of the crimes to which she was pleading guilty, and she indicated that she understood them. (*Id.* at 26-28.) When asked if she had any questions prior to the entry of a plea, Petitioner answered, "No, sir." (*Id.* at 28.) Petitioner admitted that she was in fact guilty of the offenses in question, acknowledged reviewing the written factual basis with her attorney, and agreed with those facts as to her participation in the two crimes of conviction. (*Id.* at 29-31.) At the sentencing hearing, Petitioner answered in response to the district court's questions that she and her attorney had reviewed the PSR, and that she agreed with that report. (Docket Entry 70 at 4.)

5

Petitioner's answers at her change of plea and sentencing hearings contradict the claims in her § 2255 motion that there was no effective communication between her and her counsel and that she was unaware of the consequences of pleading guilty or going to trial. When under oath and questioned by the Court, at no time did Petitioner disclose any communication difficulties, even when directly asked if she was satisfied with the services of her attorney. Moreover, Petitioner acknowledged her understanding of her sentencing range as shown in the PSR, because she stated that she had reviewed the PSR with counsel and stated further that she agreed with it. Petitioner fails to demonstrate extraordinary circumstances sufficient to disregard her prior statements, and she thus fails to carry her burden to sustain her contentions under sub-ground one of ground one. Beyond this, even assuming for the sake of argument that counsel erred as asserted by Petitioner, the error was harmless, given that the Court cured the purported error by fully informing Petitioner of the consequences of pleading guilty. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) ("[I]f the trial court properly informed Foster of the potential sentence he faced, he could not be prejudiced by any misinformation his counsel allegedly provided[.]"). This sub-ground has no merit.

### B. Alleged failure to conduct an independent investigation

Sub-ground two of ground one is that Petitioner's counsel failed to "[c]onduct an [a]dequate [i]ndependent [p]retrial [i]nvestigation," and was thus constitutionally deficient. (Docket Entry 64 at 16.) In support, Petitioner again asserts that counsel failed to reasonably communicate with her. (*Id.* at 17.) However, this assertion is contradicted by Petitioner's

6

testimony to the contrary, discussed above, which she made while under oath at her change of plea hearing.  Petitioner also asserts that counsel "push[ed]" her into pleading guilty. (*Id.*) However, as further explained above, Petitioner asserted that no one had, in any way, attempted to force her to plead guilty against her wishes. Petitioner also asserts that counsel "failed to provide sufficient information to [her] so that she could participate intelligently in decisions concerning the objectives of her representation and the means by which they would be pursued." (*Id.* at 18.) Nevertheless, Petitioner stated the opposite at the Rule 11 hearing. There, as explained, she admitted under oath that she had fully discussed with counsel the charges in the indictment and the case in general, that she discussed with counsel possible defenses, and that she was fully satisfied with the services of counsel, including his counsel, representation, and advice.

Petitioner's arguments to the contrary are not persuasive. In support of this sub-ground, Petitioner cites *Elmore v. Ozmint*, 661 F.3d 783 (4th Cir. 2011), a case factually distinct from this one. (Docket Entry 64 at 20.) In *Elmore*, the Fourth Circuit stated that "the need for scrutiny of the forensic evidence was indisputable: The case was a real 'who-done-it' in which [the defendant] was asserting his innocence, [and] the State's case against him largely hinged on the forensic evidence." *Elmore*, 661 F.3d at 861. The Fourth Circuit characterized the need for investigation in *Elmore* as "obvious." *Id.* at 862. Unlike *Elmore*, the evidence in Petitioner's case did not present a mystery.  Petitioner's distribution of methamphetamine was captured on surreptitiously-recorded audio-video recordings. (Docket Entry 26; Docket Entry 42 ¶¶ 6-12.) That uncontroverted evidence, as stated in the

7

Factual Basis and PSR (neither of which was contested by Petitioner), was both direct and overwhelming. (Docket Entry 69 at 31; Docket Entry 70 at 4.) No issues were raised at any time, including in Petitioner's § 2255 motion, contesting the admissibility or genuineness of any evidence in this case, nor was there any contention that Petitioner was not the person responsible for the crimes to which she pled guilty and of which she was convicted. For that reason, Petitioner has failed to demonstrate that counsel's representation was unreasonable.

Last, at no point does Petitioner demonstrate that she was prejudiced by counsel's alleged failure to investigate. Petitioner faults counsel for not interviewing witnesses (Docket Entry 64 at 20), but she does not explain which witnesses should have been interviewed or why their testimony would have been beneficial to her case. Petitioner also faults counsel for not using a private investigator to look into the facts of her case (*id.*), however, Petitioner fails to explain what useful information this might have revealed or how it would have helped her. This sub-ground has no merit.

### C. Alleged failure to secure a more favorable plea agreement

In her third sub-ground under ground one, Petitioner asserts that her counsel was ineffective for failing to secure a more favorable plea agreement. (Docket Entry 64 at 22.) Petitioner claims that had her attorney properly advised her of "her actual correct options available . . . there is a reasonable probability that she would have proceeded to trial, had she been properly informed by counsel of the sentencing exposure she faced." (*Id.* at 24.) As explained above, the Court advised Petitioner of her maximum sentence and that her attorney's estimate of her advisory guideline range was only an estimate. The record clearly

8

shows Petitioner was told she could face a sentence as lengthy as or longer than the one she received, and that she knew her own guideline range prior to sentencing. (Docket Entry 70 at 4.) Petitioner's sub-ground three is thus contradicted by the record, and therefore fails.

Petitioner's sub-ground three of ground one also fails for lack of prejudice, because there is no evidence in the record that the Government would have offered a more favorable plea agreement. Her sub-ground here is vague, conclusory, and unsupported and fails for this reason as well. *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999).

Last, Petitioner claims she was prejudiced by counsel's alleged errors set forth in ground one because, but for counsel's errors, she would have opted for trial. However, had Petitioner gone to trial on all charges against her and (for example) been convicted of only one charge, her advisory guideline total offense level would have been three levels higher, because she would no longer have the benefit of accepting responsibility for her guilt. Instead of the 151 to 188 month advisory guideline range applied to Petitioner at sentencing (Docket Entry 70 at 4, Total Offense Level 30, Criminal History Category V), she would have instead faced a 210 to 262 month advisory guideline sentence. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table (2016) (Total Offense Level 33, Criminal History Category V). As previously stated, Petitioner's criminal conduct was captured on audio-video recordings and so it seems quite likely she would have been convicted of one or more of the charges. In light of this, Petitioner has failed to demonstrate the rationality of opting for trial on these facts. Moreover, Petitioner's claim of prejudice in ground one is inconsistent with her own §

9

2255 motion, where the relief she seeks is that her "conviction and sentence should be vacated so that she can plea anew." (Docket Entry 64 at 21.) As noted, there is no evidence on the record that counsel could have secured Petitioner a more favorable plea agreement here. Consequently, Petitioner's allegations of prejudice as to ground one are vague, conclusory, and unsupported, and her allegations in ground one (and all of its sub-grounds) fail for this reason as well. *Nickerson*, 971 F.2d at 1136.

## Ground Two

Petitioner alleges in ground two that her counsel was ineffective for failing to (1) review and explain to her the PSR prior to sentencing; (2) file "substantive objections" to the PSR; (3) argue for a lower sentence or factors in mitigation; and (4) file a notice of appeal. (Docket Entry 64 at 27.) As explained below, the first three of these arguments fail outright and the fourth requires an evidentiary hearing.

### A. Alleged failure to review, discuss, and explain the PSR

The first sub-ground is that Petitioner's counsel failed to review, discuss, and explain the PSR with her. (*Id.*) However, Petitioner's counsel answered affirmatively when asked at sentencing if he was ready to proceed and if he received a copy of the PSR and reviewed it with Petitioner. (Docket Entry 70 at 3.) Petitioner next indicated that she had reviewed the PSR with her counsel and that she agreed with the report. (*Id.* at 4.) Beyond this, even assuming counsel erred as Petitioner alleges here (which Petitioner has not demonstrated), her first sub-ground would still fail. This is because Petitioner has failed to demonstrate that counsel's alleged errors have prejudiced her. For these reasons, this sub-ground fails.

10

## B. Alleged failure to file substantive PSR objections

Sub-ground two of ground two is also contradicted by the record. Here, Petitioner claims that counsel failed to file any substantive objections to the PSR, and further elaborates that he failed to object to the drug amounts attributed to Petitioner. (Docket Entry 64 at 27.) Nevertheless, counsel did object to the draft PSR, and did so successfully. (Docket Entry 33.) Petitioner was thus spared an additional two-level increase for an enhancement found not to apply to her (possession of a dangerous weapon). (Docket Entry 29 at ¶ 27; Docket Entry 33; Docket Entry 42 at 8.) Moreover, while it is true that counsel did not object to the drug amounts attributed to Petitioner, Petitioner has not provided any meaningful ground that would warrant such an objection. Additionally, Petitioner does not claim in her motion that she is responsible for any drug amounts less than those attributed to her. (Docket Entry 64.) Counsel has no obligation to file a meritless objection.

Petitioner may also be faulting counsel for failing to contend at sentencing that, on policy grounds, the 10:1 ratio set forth in the advisory sentencing guidelines, which distinguishes between quantities of actual methamphetamine and methamphetamine mixture, is unnecessarily harsh and that, as a result, the Court should vary its sentence downward.[2] (Docket Entry 64 at 28-30.) If Petitioner is making such an argument, it is not

---

[2] Here, Petitioner was accountable for both pure/actual methamphetamine and a mixture containing methamphetamine. (Docket Entry 42, ¶ 20.) The guidelines treat the former more harshly than the latter. *See, e.g.*, *United States v. Campos*, 724 F. App'x 279, 280 n.* (4th Cir. 2018) ("Campos was sentenced for possessing 'Ice,' which the Sentencing Guidelines define as 'a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity.' U.S. Sentencing Guidelines Manual § 2D1.1 n.*(C) (2016). The Guidelines further 'provide[ ] that one gram of a mixture or substance containing methamphetamine is equivalent to two kilograms of marijuana,

11

persuasive. This is because Petitioner has not met her burden under *Strickland* of showing that defense counsel's failure to argue for a sentence pursuant to the guidelines for mixture rather than actual methamphetamine fell below an objective standard of reasonableness. Petitioner does not cite, nor has the Court found, either authority *requiring* defense counsel to argue the possibility of a policy disagreement with the guidelines or authority *requiring* a court to grant a variance based upon such an argument.[3] "[W]hile it is true that a district court may vary from Guidelines ranges based solely on policy considerations, including disagreements with the Guidelines, it is equally true that a district court is not required to do so." *United States v. Brunson*, 482 Fed. App'x 811, 821 (4th Cir. 2012) (citation omitted) (collecting cases). Petitioner's argument (if this indeed rises to the level of an argument) fails for this reason alone. While counsel could conceivably have argued for a sentence pursuant to the guidelines for a mixture of methamphetamine, his failure to do so was not unreasonable.

Additionally, Petitioner has not demonstrated that counsel's failure to raise this issue somehow prejudiced her. The record here indicates that defense counsel vigorously advocated for a downward variance in Petitioner's sentence on other grounds, which the Court denied. (Docket Entry 70 at 10-13, 22.) *See Jones v. United States*, No. 1:13-CR-003-002,

---

whereas one gram of actual methamphetamine [(Ice)] is equivalent to twenty kilograms of marijuana,' a 10 to 1 ratio.") (citation omitted) (brackets in original).

[3] *See Rocha-Chacon v. United States*, No. CV-19-00079-TUC-RM, 2019 WL 4976995, at *3 (D. Ariz. Oct. 8, 2019) (concluding that it was not objectively unreasonable to forgo raising policy disagreement with the guidelines at sentencing); *Jones v. United States*, No. 5:08-CR-290-FL-1, 2011 WL 6780786, at *5 (E.D.N.C. Dec. 27, 2011) (concluding that it was not constitutionally ineffective assistance for counsel to "fail[ ] to raise a legal argument which is not dictated by any binding precedent and, moreover, [which] would have consisted of nothing more than an appeal to the discretion of the sentencing court to vary from a given guidelines range on the chance the court agrees that the relevant guidelines lack empirical support").

2015 WL 1198671, at *4 (S.D. Ohio Mar. 16, 2015) ("Petitioner's trial counsel did move for a downward variance based on her history and personal characteristics. This was a viable and targeted argument for a variance that was more likely to be successful than simply relying on the Court to disagree as a policy matter with the sentences produced by the fraud guidelines."). This was a reasonable tactical decision on counsel's part, given the circumstances of this case.

The record here further indicates that Petitioner's sentencing was driven more by her recidivism while on pretrial release, and by her efforts to help her co-defendant sell a firearm to a convicted felon, than by the drug quantities involved. (Docket Entry 70 at 12, 14-18, 23.) Given the court's discretion in this area and the facts of this case, there is no reasonable probability that even if counsel had suggested that the court vary from the guideline range based on a policy disagreement, petitioner's sentence would have been lower. *See Simmons v. United States*, No. 5:14-CR-0007-BR, 2017 WL 1403208, at *4 (E.D.N.C. Apr. 19, 2017) ("Because there is no reasonable probability that petitioner would have received a lower sentence had counsel requested a variance from the guideline range based on a policy disagreement, petitioner did not suffer any prejudice."). Nor is there any reason to believe that any challenge to the drug amounts attributed to Petitioner had any likelihood of success. Petitioner fails to demonstrate prejudice in counsel's approach to her sentencing. For all these reasons, this sub-ground has no merit.

C. <u>Alleged failure to argue in mitigation</u>

In sub-ground three of ground two, Petitioner states that her counsel failed to argue for a lower sentence or factors in mitigation. (Docket Entry 64 at 27.) More specifically, Petitioner states:

> [Attorney] Buggs failed to present any evidence for mitigation of Horne's sentence. As such, Horne received a sentence of 160 months' imprisonment. Buggs also failed to object to Horne's sentence being substantively unreasonable. At sentencing, Horne's attorney stood mute like a potted plant and failed to argue for mitigation of Horne's sentence or for any reduction for same.

(*Id.* at 28.)

This argument is without merit. Petitioner's counsel explicitly argued for a ten-year sentence at sentencing, substantially below the sentence recommended in the PSR. (Docket Entry 70 at 10-13; Docket Entry 42 at 22.) Petitioner's counsel also cited factors under 18 U.S.C. § 3553 in support of his argument in mitigation, including Petitioner's history and characteristics and the nature and circumstances of the offense. (Docket Entry 70 at 10-13.) Petitioner is incorrect in her assertion that her attorney stood mute at sentencing and failed to argue for mitigation, and her contention in sub-ground three of ground two thus fails. And, once again, Petitioner has failed to point to any argument counsel could have made that was likely to have resulted in a shorter sentence. Petitioner has failed to demonstrate either deficient performance or prejudice here and so this sub-ground fails as well.

14

### D. Alleged failure to file an appeal

Petitioner's fourth and last sub-ground in ground two is that her trial counsel "did not communicate with [her] about an appeal [and] did not file one after [she] asked him to." (Docket Entry 64 at 32.) As explained below, this issue requires an evidentiary hearing.

The Supreme Court has held that the dual performance and prejudice inquiry of *Strickland* provides the proper framework for analyzing a claim that counsel was ineffective for failing to file a notice of appeal or properly consult with a defendant regarding an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Consultation about an appeal is constitutionally required "'when there is reason to think either . . . that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or . . . that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" *United States v. Cooper*, 617 F.3d 307 (4th Cir. 2010) (quoting *Roe*, 528 U.S. at 480). The Court in determining an ineffective assistance claim in the duty to consult context must decide whether Petitioner has shown: "(1) his attorney had a duty to consult under *Flores-Ortega*; (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007).

Moreover, unless the record "conclusively show[s]" a § 2255 petitioner is not entitled to relief, "the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). An evidentiary hearing is required when a movant presents a colorable Sixth Amendment claim

15

showing disputed material facts and a credibility determination is necessary in order to resolve the issue. *See United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000). Having reviewed the parties' pleadings, the Court finds that an evidentiary hearing will be required to resolve disputed and material issues of fact. A hearing will therefore be held as to whether counsel consulted with Petitioner about her appellate rights and whether Petitioner instructed counsel to file a notice of appeal.

## Conclusion

For the reasons set forth above, an evidentiary hearing is warranted in this matter on sub-ground four of ground two as it relates to the alleged failure to file a notice of appeal. Beyond this, Petitioner's remaining grounds and sub-grounds are without merit.

**IT IS THEREFORE ORDERED** that an evidentiary hearing be held on Petitioner's fourth sub-ground as set forth in his second ground for relief, before the undersigned on **Tuesday, August 18, 2020 at 9:30a.m. in Durham**. The only issue at the hearing will be the facts involving whether counsel failed to consult with Petitioner regarding an appeal and whether Petitioner instructed counsel to file an appeal. The Government is responsible for producing Petitioner at said hearing.

**IT IS FURTHER ORDERED** that CJA Panel Attorney Brian Aus, is hereby appointed to represent Petitioner at the evidentiary hearing.

**IT IS RECOMMENDED** that all of ground one, and the first three sub-grounds of ground two, of Petitioner's motion to vacate, set aside or correct sentence (Docket Entry 63) be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

May 21, 2020
Durham, North Carolina